RALSTON, Executor Of The Estate Of George Ralston *v.* RALSTON

[No. 228, September Term, 1968.]

*Decided October 7, 1969.*

Appeal from Orphans' Court for Howard County (STROMBERG, C. J., and DASHER and NICHOLS, JJ.)

Melvin Ralston, executor of the estate of George Ralston, petitioned the Orphans' Court for Howard County for authority to retain the assets of the estate pending determination of estate's federal estate tax liability. Edith M. Ralston, the deceased's wife objected and demanded distribution. From an order denying the petition, the executor appeals.

The cause was argued before HAMMOND, C. J., and MARBURY, McWILLIAMS, FINAN and SMITH, JJ.

Reargued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Benjamin Lipsitz* for appellant.

No brief filed on behalf of appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is by an executor from an order of the Orphans' Court for Howard County directing him to make distribution and close the estate. The executor had been dilatory in filing the federal estate tax return—the default really being that of his lawyer—and had urged the court to allow him to retain assets until the amount of the estate tax could be determined. The estate in the hands of the executor amounted to some $10,000 but the decedent left to his family about $95,000 in life insurance proceeds and equities of unrevealed amounts in two properties, one in Howard County and one in Baltimore City.

The order appealed from was entered in August 1968 and the appeal came on to be heard in April 1969. Counsel for the executor then told us that he was in a position to file the estate tax return and that he would as-

sume and pay all costs, expenses, interest and penalties that the unwarranted delay in filing would bring about.

On these representations no legal problem seemed to be presented for solution and with the concurrence of the lawyers for the appellant and the appellee, the widow of the decedent, we ordered that the consideration and decision of the case be postponed for sixty days, later extended to ninety, to permit the closing of the estate with all deliberate speed. Thereafter, the appellee dismissed her lawyer and the cooperation of the parties ceased. On July 29, 1969, we set the appeal for reargument on September 9. The appellee did not appear. Counsel for the executor advised us that the estate tax return has been filed and the tax paid and that the government has accepted the return as filed. He urged us, however, not to affirm the order appealed from because there remain certain claims of and against the estate to be settled. We can see no valid reasons why the appeal now should not be affirmed. The claims first and the estate next can be settled promptly, as if the appeal had not been taken. Because we think it was unjustifiably taken, the costs will be imposed on the executor personally.

*Order affirmed, costs to be paid by the executor personally.*